## Case No. 1,357.

### BERRY v. FLETCHER et al.

[1 Dill. 67.][1]

Circuit Court, D. Missouri. 1870.

TRESPASS—JOINT AND SEVERAL TRESPASSERS —LIABILITY—EXEMPLARY AND COMPENSATORY DAMAGES.

1. All who instigate, promote, or co-operate in the commission of a trespass, or aid, abet, or encourage its commission, are guilty.

2. But the mere presence of persons at the commission of a trespass which they did not advise or abet, and in which they did not participate and had no interest, will not make them trespassers.

3. Where the defendants are sued jointly in trespass, the jury must find a single verdict, and assess damages jointly against such as are proved guilty of the same trespass.

4. In trespass against several, the jury should estimate damages according to the most culpable of the joint trespassers.

5. All damages are referred by the law either to compensation or punishment. Compensation is to make the party injured whole. Exemplary damages are given, not to compensate the plaintiff, but to punish the defendant.

6. Circumstances stated which will authorize the jury to give exemplary damages.

[Cited in Home Ins. Co. v. Stanchfield, Case No. 6,660.]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

At law. This was an action of trespass brought by the plaintiff, the editor and proprietor of a newspaper in the town of Richmond, in Missouri, against Thomas C. Fletcher, late governor of that state, and also against Montgomery, a colonel commissioned by Governor Fletcher under the act of the state legislature, authorizing the organization and employment of the state militia to aid in the execution of civil process, and against certain other persons, citizens of the town of Lexington. Demurrers to certain special pleas, justifying the acts complained of under the above-mentioned act of the legislature, were sustained, as by the state practice adopted in this court the matters pleaded in justification were admissible under the general issue. The nature of the action, the issues, and other necessary facts, appear in the charge of the court. On the trial, no attempt was made to justify the alleged trespasses.

Mr. Glover, for plaintiff.
Mr. Musser, for Montgomery.
Mr. Noble, for Fletcher and other defendants.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge, in summing up to the jury, said, the other judges concurring:

1. As to the pleadings and issues. This is an action of trespass brought by the plaintiff, now a citizen of Kansas, for injuries alleged to have been done by the defendants, to his person and property. The first count in the declaration alleges that the defendants assaulted, beat, and imprisoned the plaintiff, carried him from Richmond to Lexington, in this state, imprisoned him for four days, and by putting him in fear of his life compelled him to sign a false and scandalous paper, against his will, &c. The second account alleges that the defendants destroyed and damaged the printing press, furniture, type, cases, and fixtures of the plaintiff's printing office, and also a large quantity of printed forms, and blanks, the property of the plaintiff, and belonging to him as assistant United States assessor. The defendants plead not guilty, and the burden is upon the plaintiff to establish to your satisfaction, by the evidence, the trespasses, or some of them, alleged in the declaration.

2. As to the defendant, Montgomery. The court will first instruct you with reference to the defendant, Bacon Montgomery. Evidence in the case has been laid before you tending to show that Montgomery was in command at Lexington, of certain men enrolled and called into service under the state law, as militia; that certain persons from Richmond called upon him, making complaints against the plaintiff, and exhibiting an article in the plaintiff's newspaper, accompanied with oral statements concerning the plaintiff, and that Montgomery thereup-

on issued an order to a detachment of his men, to proceed to Richmond and arrest the plaintiff, and to injure or destroy his printing press, and to bring the plaintiff before him at Lexington. If you find that such an order was issued by Montgomery, and that the plaintiff was arrested and seized, forcibly carried to Lexington, deprived of his liberty by force and against his will, this sustains the first count in the declaration, and the plaintiff is entitled to a verdict against Montgomery, for his damages, by reason of these unlawful acts. If, pursuant to such order, you find that the plaintiff's printing press, and the other property mentioned in the second count of the declaration, was injured or destroyed, the defendant, Montgomery, is also liable for the damages thus proved to have been occasioned. It is proper to be added that the defendant, Montgomery, has given no evidence to justify in law his causing the plaintiff to be arrested and imprisoned, or his property to be injured, and hence, if you find that he caused the plaintiff to be arrested and imprisoned, or his property to be injured, as alleged in the declaration, the plaintiff will be entitled to recover. The rule by which you are to ascertain, or measure, the plaintiff's damages, will be hereafter stated.

3. As to the other defendants. You must also consider the case of the other defendants, and determine whether they, or any of them, are liable for, or in respect of, the trespasses mentioned in the declaration. All of these defendants may be liable, or part of them only may be liable, or none of them; and, therefore, it is necessary that you consider the case of each defendant separately in determining whether he is, or is not, guilty of the injuries for which the plaintiff sues. You will bear in mind that the court is now speaking of the defendants other than Montgomery; and that you may the better apprehend the controverted question between these defendants and the plaintiff, the court will state the claims of the respective parties in this regard, and the law applicable thereto. It is claimed by the plaintiff that the defendants, other than Montgomery, were present when the latter issued his order to arrest the plaintiff, and to injure his press and printing office, or were present after his arrest, and while he was in confinement under such arrest, and that they were instigators, promoters, co-operators with Montgomery, in the commission of the trespass complained of in the declaration; that they consulted with Montgomery in respect thereto, and advised and encouraged him to issue the order to arrest the plaintiff and injure his property, or that pending his arrest, they advised and encouraged its continuance, and the perpetration of the other wrongs to his person, complained of. If you find such to be the facts, then the defendant or defendants who thus participated in the wrongs ordered and done by Montgomery (if you find that he committed the trespasses complained of) are guilty with the said Montgomery, and you should find accordingly. On the other hand, it is claimed by the defendants, other than Montgomery, that they did not instigate, promote, or co-operate with Montgomery, or consult with him, or advise and encourage him to commit any of the grievances for which the plaintiff sues; that if present, they were there for a lawful purpose, and were spectators, and in no way participators in what Montgomery did, or ordered to be done; that Montgomery was acting in a military capacity, and that what he did and ordered was done as such officer, out of his own head, without consulting with the defendants, or being advised and encouraged by them in the matter. If you find such to be the facts, then the defendant or defendants, thus free from any participation in the trespasses complained of, cannot be held guilty of such trespasses, and are entitled to a verdict in their favor.

4. As to trespasses by several and liability therefor. The defendants are sued jointly for the same alleged trespasses. As before stated there are two counts in the declaration, the first for injuries to the plaintiff's person, the second for injuries to his property. If you find for the plaintiff, you must find a single verdict and assess damages jointly against such of the defendants as you find guilty. You cannot find that part of the defendants are guilty alone, under the 1st count, and the others alone guilty under the other count, and then bring in a joint verdict against all. But you may find all of the defendants, or part of them, guilty under both counts, or under either, provided all returned guilty are found guilty of the same and not different trespasses. In short, those of the defendants (if any) whom you find guilty, must be found guilty of those trespasses only which they committed jointly, and the damages must be assessed with sole reference to such acts. But, in respect of a trespass committed jointly by several persons, the jury may estimate the damages according to the most culpable; for this is the damage sustained by the plaintiff, for in cases of trespass there can be no apportionment of damages. 2 Starkie, Ev. 807; 2 Hil. Torts, p. 464, § 25, and cases there cited.

5. As to damages. If under the evidence and the foregoing instructions, you find the defendants, or any of them, guilty, it will then be your duty to fix the amount of damages to which, as against such, the plaintiff is entitled. This makes it necessary for the court to instruct you with reference to the rules adopted by the law to guide and govern juries in measuring and ascertaining such damages. Damages are of two kinds: 1st. Actual damages. 2d. Exemplary or vindictive damages. The plaintiff claims to recover both. Actual damages are such as will compensate the plaintiff for actual injuries

sustained, and those injuries which naturally flow from the wrongs and trespasses proved, including injuries done to the printing press, office, and property, mentioned in the declaration. For such actual injuries, if proved, and to the extent proved, the plaintiff is entitled to such sum as will fully compensate him therefor, and he is entitled to no more, unless he has made out a case for exemplary damages. All rules of damages are referred by the law to one of two heads, either compensation or punishment. Compensation is to make the party injured whole. Exemplary damages is something beyond this, and inflicted with a view not to compensate the plaintiff, but to punish the defendant. The circumstances which will authorize the infliction by the jury of exemplary damages, have been very correctly stated by the supreme court of Missouri, and as this is a trial in that state for a transaction originating therein, this court will adopt the language of that court on this subject. It says: "To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression, or wanton recklessness must mingle in the controversy. The act complained of must partake of a criminal or wanton nature, or else the amount sought to be recovered should be confined to compensation." Kennedy v. North Missouri R. Co., 36 Mo. 351.

It is claimed by the plaintiff, but denied by the defendant, that this is a case for exemplary damages Under the rules given, this is a matter which the law confides to the sound judgment of the jury, and they will inquire and decide whether, considering all the circumstances in evidence, the case is one in which, in addition to compensating the plaintiff, the defendants should also be punished in damages, for example's sake. If you decide not to give vindictive damages, then the amount of actual damages you will fix from the evidence before you. If you decide to go beyond the limits of compensation to the plaintiff, and enter into the field of exemplary damages, then it is your duty to look at all the circumstances under which the defendants acted, at those which are claimed to aggravate, and at those which are claimed to mitigate the acts complained of; to put yourselves in the situation of the parties. Sedately consider these, and thus ascertain the exact and real nature and circumstances of the transaction, and let this guide you in the amount of damages to be assessed. The amount of exemplary damages the law leaves to the jury, not to be fixed arbitrarily, but by the deliberate and temperate exercise of common sense and sound judgment. You are the sole judges of the credibility of the witnesses and the weight to be given to their testimony.

The court having thus mapped out the path of your duty, makes no doubt that you will pursue the investigations to which it conducts you, with freedom from passion or prejudice, and with a recognized and pronounced impartiality which will be alike creditable to you and honorable to the administration of justice.

NOTE, [from original report.] On the conclusion of the plaintiff's evidence the court instructed the jury that there was no evidence whatever, proper for them to consider to connect the defendant, Fletcher, with the trespasses sued for, and the jury as to him, returned a verdict of not guilty. The other defendants submitted evidence to the jury, and they returned a verdict of guilty against the defendant, Montgomery, giving only actual damages, and of not guilty as to the others.