OLIVER C. CURRIER *vs.* ALONZO B. SWAN *et als.*

*Evidence as to motive for assault. Practice.*

There was an affray between the plaintiff and one of the defendants in the afternoon. In the evening of the same day the defendants assaulted the plaintiff at his house; *Held*, that the defendants could show the fact of an affray in the afternoon, but not its details, in mitigation of damages for the last assault.

When a jury rendered a verdict, in regular form, in an action of tort against four persons, and appended to it an apportionment of the damages among the several defendants; *Held*, that the general verdict must stand, and the other finding be rejected as surplusage.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

TRESPASS *quare clausum* against Alonzo B. Swan, Gaius Swan, Lawson C. Bryant and Lorenzo Cole, for breaking and entering the plaintiff's dwelling, at Bryant's Pond, on the fourth day of July, 1872, making a noise and disturbance therein, assaulting the plaintiff there, and pushing him down stairs and out of the house.

The plea was the general issue only. It appeared that about five o'clock on the afternoon of that day an affray took place between Currier and Bryant, at the freight depot, where the latter was employed, immediately after which the plaintiff went home, and was soon after followed there by Bryant. A few minutes later Alonzo B. Swan went to Currier's house, at the request of Bryant's sister, and was soon followed by the other two defendants and' other persons. The testimony as to the entry of the house by the two defendants last reaching it, and as to the character of the assault, or whether any was made, was conflicting. The defence offered to prove "that Currier went to the freight house where Bryant was and commenced a violent assault upon him, knocking him down several times, in the freight house, on the afternoon of July 4, 1872, immediately preceding the occurrences at the plaintiff's house," but the court excluded this testimony, permitting only the fact of a previous affray on that day, between Currier and Bryant, to be shown. To this exclusion of the details of that affray the defendants excepted. The jury returned a general verdict, for eighty dollars, against all the defendants; and returned to the court, with their verdict, a separate paper also signed by the foreman, and which was received and affirmed, assessing damages at five dollars against Cole and twenty-five dollars each against the other three defendants. A motion was filed to set aside the verdict on account of this irregularity.

*Alvah Black,* for the defendants.

*D. Hammons,* for the plaintiff.

PETERS, J. An affray took place between the plaintiff and one of the defendants, at a railroad depot in the afternoon, and on the evening of the same day that defendant with the others proceeded to the plaintiff's house, and inflicted violence upon him there. The defendants desired to show what took place in the afternoon, in mitigation of damages for the assault committed afterwards. The justice presiding admitted in evidence the fact that

Currier *v.* Swan.

there had been an affray, but excluded evidence of the details of it.

The ruling, both as to the admission and exclusion of evidence, was right. The admission was right, because it was to show the object and purpose of the second assault, or the state of mind with which it was done. Otherwise, there would have been nothing to indicate to the jury but that the house was entered for the purpose of robbery and plunder, or something of the kind. The fact of a previous affray might have some weight upon the question of the amount of damages recoverable, and might legitimately be regarded as a part of the transaction to be investigated in this suit. But the further evidence, offered and excluded, was not fairly a part of the facts involved in this investigation. The assault complained of here was committed at another time and at another place, and mostly by other parties. It was immaterial whether the fault of the previous affray was in the one or the other party concerned. If the defendant was ever so right in the first affray, he should have resorted to proper legal remedies, and not assume to take the law into his own hands. If he is permitted to show the merits of the controversy in the afternoon, then the plaintiff would have as much right to show the provocation that led him into that affray, and the result would be, the trial of several causes in one; and, as said in *Mathews* v. *Terry*, 10 Conn., 459, "the jury would be distracted with a multiplicity of questions and issues." The early and leading case of *Avery* v. *Ray*, 1 Mass., 12, decided in 1812, has been recognized as a correct authority upon this subject, in most of the courts in this country, ever since. It has been invariably followed in Massachusetts, in many subsequent cases. Of course, the general principle there enunciated may be modified by controlling circumstances in other cases; as in *Prentiss* v. *Shaw*, 56 Maine, 437, cited and much relied on by these defendants. That case was decided upon its peculiar facts. The evidence introduced in mitigation there was mainly to show the innocent intention of the parties sued. They supposed (as they claimed) that they were acting under an official right to act. They had received (although improperly) an order, from

persons in authority, to make the arrest.  Their own motive and good faith, in obeying the order, had much to do with the question as to how far punitive damages should be recovered.  So in the case at bar, as much evidence was admitted as would fairly show what the motive of the defendants was in the assault committed by them, and with what coolness and deliberation, or otherwise, the act was done.

The other exception in this case cannot be sustained.  But one verdict could be rendered.  Therefore the damages must be joint, and not several.  The question is, what damages has the plaintiff sustained?  For those, whatever they are, all the participants in the assault are liable.  There are no degrees of guilt.  These principles are clearly settled and stated in the cases cited in argument.  *Lincoln* v. *Hapgood*, 11 Mass., 358 ; *Halsey* v. *Woodruff*, 9 Pick., 555 ; *Fuller* v. *Chamberlain*, 11 Metc., 503.  The jury undoubtedly undertook to apportion among the defendants what part of the verdict each of them, as between themselves, should pay.  This amounted only to a recommendation.  If it was intended as anything else, it is merely surplusage, and is to be rejected as irregular and void.  The general verdict must stand.

*Exceptions and motion overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.