| 48 | 557 |
| 87 | 283 |
| 48 | 557 |
| 96 | 314 |
| 96 | 319 |
| 48 | 557 |
| 98 | 128 |
| 48 | 557 |
| 135 | 62 |

[No. 10,085.]

## THE PEOPLE v. THOMAS McCARTY.

CHALLENGE TO JUROR.—If the prosecution, in a criminal case, pass the jury
to the defendant, who declines to make any challenge, the prosecution
may then interpose a peremptory challenge to a juror, before he is
sworn.

ARREST OF JUDGMENT.—A motion in arrest of judgment must be founded
on some of the defects mentioned in section one thousand and four of
the Penal Code.

VERDICT IN CRIMINAL CASE.—An informal verdict in a criminal case is suf-
ficient, if it can be clearly understood as being a general verdict of guilty
or not guilty.

IDEM.—A verdict reading, "we the undersigned, jurors, find a verdict of
murder in the second degree," is a good verdict of guilty of the crime
of murder in the second degree.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

The defendant was indicted for the crime of murder. He moved that the judgment be arrested, because he had not been found guilty by the jury, and because the jury had found him not guilty, and the verdict had been rendered by a jury of one. The Court below denied the motion.

*Wallace Leach* and *Levi Chase*, for the Appellant, argued that it was the duty of the People to have exercised their right of peremptory challenge first, and that not having exercised it, they had thereby waived their right to make a peremptory challenge. They also argued, that the verdict did not support the judgment, and cited, Penal Code, sections one thousand one hundred and fifty and one thousand one hundred and fifty-one; that the verdict did not contain the defendant's name, except in the title, and that it was the verdict of one man, because it read "we the jurors," and was signed by only one of the jury.

*John L. Love*, Attorney-General, for the People, argued that the right to a peremptory challenge was only lost when the juror was sworn, and cited section one thousand and sixty-eight of the Penal Code; and that the motion in arrest of judgment was properly denied, and cited sections one thousand one hundred and eighty-five, one thousand one hundred and eighty-six and one thousand and four of the Penal Code. He also argued that the verdict was a good verdict of guilty, and cited section one thousand one hundred and sixty-one of the Penal Code, and that it must be construed by our penal statutes and not by the common law.

By the Court:

1. There was no error in allowing the prosecution to interpose a peremptory challenge to one of the jurors before he had been sworn. The prosecution had passed the panel to the defendant, who had declined to make any challenge,

and thereupon the prosecution were permitted to interpose a peremptory challenge to one of the panel. The prosecution had not accepted the jurors by merely passing them to the defendant for examination; nor had the jury been sworn, and the peremptory challenge was in fact interposed first by the People, in accordance with section one thousand and eighty-eight of the Penal Code.

2. The argument of counsel for the prisoner does not refer us to any portion of the voluminous statements of the evidence in the record supposed to present the point that the verdict is not supported by the evidence, and our own examination has not enabled us to discover anything in support of the position.

3. The motion in arrest of judgment was properly overruled, because it was not founded on any of the defects mentioned in section one thousand and four of the Penal Code. (*People* v. *Fair*, 43 Cal. 137.)

4. The last point relied on is based upon a supposed defect in the form of the verdict as rendered. The verdict entitled of the action, was as follows: "We,. the undersigned jurors, find a verdict of murder in the second degree. A. J. Chase, foreman;" and this verdict, upon being recorded, was read to the jury, and each of the jurors answered that it was his verdict. The Penal Code contains a form of the general verdict to be rendered by the jury upon a plea of not guilty, and defines the import of a verdict when found in accordance with the form there given. But an adherence by the jury to the form of the verdict there given is not made essential by the statute; a mere departure from such form does not, of itself, vitiate the verdict (section one thousand four hundred and four); and, under section one thousand one hundred and sixty-one of the same Code, an informal verdict is sufficient, if it can be clearly understood as being a general verdict of guilty or not guilty. There is no difficulty in understanding the verdict rendered here as being a verdict that the defendant is guilty of the crime of murder in the second degree charged in the indictment.

Judgment and order affirmed.   Remittitur forthwith.