[No. 10,105.]

## THE PEOPLE *v.* CHAS. M. PERDUE.

VERDICT IN CRIMINAL CASE.—A verdict in a criminal case reading, "we the jury in the case of     *     *     *     do find a verdict of manslaughter," is a sufficient finding that the defendant is guilty of the crime of manslaughter, as charged in the indictment.

CHANGE OF VENUE IN CRIMINAL CASE.—An application to change the venue in a criminal action, on the ground that a fair and impartial trial cannot be had in the county where the indictment is found, is addressed to the sound discretion of the Court, and its decision on the motion will not be disturbed, if such discretion is not abused.

NEW TRIAL IN CRIMINAL CASE.—If it is claimed that the evidence is not sufficient to support the verdict in a criminal case where the defendant appeals, and material evidence introduced by the People is left out of the record, the appellate Court will not grant a new trial.

HOMICIDE UPON SUDDEN COMBAT.—A homicide, even if committed upon sudden combat, is not excusable, if undue advantage was taken of the deceased.

APPEAL from the District Court, Tenth Judicial District, County of Yuba.

The defendant Perdue, and Walter S. Spear, were charged in the indictment with the murder of Enoch R. Babcock. The offense was charged to have been committed at Marysville, Yuba County, on the 8th of August, 1873.   The defendants moved for a change of venue upon the ground that they could not have an impartial trial in Yuba County, owing to the prejudice of the people against the defendants. In support of the motion they filed several affidavits in which it was stated, that there was great excitement in Marysville at the time of the homicide, and that threats had been made of mobbing the defendants.   The affidavits also stated that there were about two hundred Odd Fellows in

Marysville, and about five hundred in Yuba County, and that the deceased had been a member of the order, and that the members of one of the lodges in Marysville had passed resolutions condemning the defendant, and resolving that they would aid in prosecuting him. Copies of the resolutions were in the affidavits. The District Attorney introduced counter affidavits as to the state of the public mind, and the prejudice of the people against the defendant. The Court denied the motion for a change of venue.

The evidence tended to show about the following facts, in relation to the combat in which the homicide was committed. The deceased, and one Norton, and one Schults, were playing cards for the drinks in a small ante-room of a saloon. Perdue and Spear, who had been drinking, but were not intoxicated, came in, and advanced to the table. Perdue put his foot on the table and picked up some money which was lying on the table, and then brushed the cards from the table. Spear made some insulting remark. Perdue said to him "we don't want any difficulty," and took hold of him and commenced pushing him out of the room. The deceased arose and said to Perdue, you need not hold him back from me, and at the same time reached over Perdue to take hold of Spear. Several insulting remarks had been made by Spear, such as "perhaps you don't like our kind," and "son of a bitch." When the deceased reached over Perdue, the latter released his grasp on Spear, and he and the deceased clinched. The defendant appealed.

The other facts are stated in the opinion.

*J. O. Goodwin,* for Appellant.

1. The verdict is informal. There was but one issue before the jury, and that was whether the defendant was guilty or not guilty. The word guilty is not used in the verdict, and it is, therefore, insufficient to support the judgment. (Penal Code, Sec. 1162.)

2. The affidavits show that the defendant could not have an impartial trial in Yuba county, and it was an abuse of discretion to deny the motion for a change of venue.

3. The killing was done upon sudden provocation, and

without taking any undue advantage. It was therefore excusable. (Penal Code, Sec. 195.)

*Attorney-General Love*, for Respondents, cited *People* v. *McCarty*, 48 Cal. 557.

By the Court, WALLACE, C. J. :

The verdict was as follows: "We, the jury, in the case of *The People of the State of California* v. *Charles Perdue*, do find a verdict of manslaughter. By the foreman,

"WM. A. CREPS."

That this verdict as recorded, is not exactly in the form prescribed by the statute is true. It might have been, had any attention been given to the provisions of the Penal Code. So long as in trial Courts, each jury is permitted to follow its own views as to the mere form of the verdict, controversies of a more or less serious character as to its formal sufficiency must continue to arise.

We think, however, that the verdict in this case is sufficient, within the rule announced in *People* v. *McCarty*, 48 Cal. 557, and that its import is that the defendant, Perdue, (and not the foreman of the jury), is guilty of the crime of manslaughter as charged in the indictment.

2. The application to remove the cause on the ground that a fair and impartial trial could not be had in the county of Yuba, was one addressed to the sound discretion of the Court below, (18 Cal. 180,) and upon the circumstance appearing, we think that it was correctly denied.

3. The homicide in question was effected by a kick or kicks inflicted by the prisoner upon the back of the deceased, breaking his back-bone, and causing a general paralysis, resulting in death in about one week afterwards. The argument made for the prisoner is that the evidence is not sufficient to support the verdict of manslaughter. A motion for a new trial made below upon this ground was refused. The bill of exceptions appearing in the record shows that a part of the evidence given for the people consisted of the dying declaration of the deceased, which had

been reduced to writing in his presence, and was read to the jury at the trial. But we have been unable to find this declaration in the record, and we are, therefore, not possessed of all the facts which were relied upon by the prosecution. This declaration may have formed a very important element, for aught that we can see, in the case made at the trial. But irrespective of this consideration we are unable to arrive at the conclusion from that portion of the case found in the record, that in point of law the charge of manslaughter was not made out. The homicide, even if it be assumed to have been committed upon sudden combat, is not excusable, if undue advantage was taken of the deceased. (Penal Code, Sec. 195.) There was evidence given by the prosecution tending to prove that an undue advantage was taken of the deceased by the prisoner, within the meaning of the statute referred to. The parties had been engaged in a mutual struggle — had fallen together upon the floor, and had risen together, still struggling. They went down a second time, and in endeavoring to rise again, the prisoner, who had the benefit of the support afforded by the wall, had succeeded in giving the deceased a severe kick in the back with the heel of his boot. At this point the deceased cried out that he had had enough, and in fact, ceased to make further resistance. The prisoner had disengaged himself from the deceased, and had partially turned away from him, leaving him lying upon the floor, partially upon his side, with the surface of his back exposed. Under these circumstances, at the instance of one Spear, who cried out, "kill the d—d son of a b—h! he hain't got enough yet," the prisoner renewed the assault upon the deceased, and several times kicked him severely in the back, and continued to kick him after some of the by-standers had cried out to the prisoner, "stop, now; he has hallooed enough; let him alone." The evidence is fairly in conflict, as to whether the mortal blow was the result of the kick given in the second fall of the parties, or was inflicted in the renewed assault made by the prisoner at the instance of Spear, after the deceased had been left lying helpless on the floor. If the jury were of the latter

opinion, the verdict of manslaughter was not only well supported by the evidence, but was rather favorable to the prisoner. In any view, there is nothing in the facts of the case, as appearing in the record, which would warrant an interference by us with the judgment rendered below.

Judgment and order denying a new trial affirmed. Remittitur forthwith.