[No. 8,432.—Department Two.]
December 5, 1882.

EVERETT PIERCE v. A. SCHADEN ET AL.

VERDICT AS TO MATTERS NOT IN ISSUE—SURPLUSAGE—MOTION FOR JUDG-
MENT IN AMOUNT EXCEEDING VERDICT.—Action against indorsers to re-
cover four hundred and sixty-six dollars and thirty-seven cents, and
interest due on a promissory note, the execution of which was admitted.
Under the pleadings the only issues for the jury were as to presentation,
demand, refusal to pay, and notice. The jury returned a verdict in the
following form: "We, the jury in the above entitled cause, find for the
plaintiff, and assess his damages at the sum of two hundred and ninety-
four dollars and fifty cents." The plaintiff moved for judgment for the
amount of the note and interest, which motion was denied, and judg-
ment was entered for the amount named in the verdict.

Held: The plaintiff was entitled to his motion. The jury had nothing to
do with matters not in issue, and a verdict referring to such matters is,
so far, surplusage. So far as the verdict related to matters in issue, it
was in favor of plaintiff. The Court should have computed the amount
due on the note for principal and interest, and rendered judgment ac-
cordingly.

APPEAL by plaintiff from the judgment of the Superior
Court of the County of Sacramento. DENSON, J.

Action on promissory note. The note was given for the
sum of five hundred dollars, with interest at one and one
fourth per cent. per month, from February 24, 1876, until
paid. The complaint admitted the payment of the interest to
May 24, 1876, and also a payment of two hundred and five
dollars and fifty cents, on September 10, 1878. The prayer
of the complaint was for judgment for the sum of four hun-
dred and sixty-six dollars and thirty-seven cents, and interest
thereon, from September 10, 1878, according to the terms of
the note, and for costs. The amount claimed at the time to
be due and for which the plaintiff moved the Court to give
judgment was the sum of seven hundred and ten dollars.
After the denial of his motion plaintiff filed a bill of excep-
tions and took this appeal. The other facts are stated in the
opinion of the Court.

*L. S. Taylor*, for Appellant.

The verdict of the jury on matters not in issue is mere

surplusage, and should be disregarded. (*O'Brien* v. *Palmer,*
49 Ill. 74; *Austin* v. *Jones,* Gilm. (Va.) 356–7; Vin. Abr. 736;
*Tevis* v. *Hicks,* 41 Cal. 127; *Fitzpatrick* v. *Himmelmann,* 48
id. 588; *Benedict* v. *Bray,* 2 id. 254; 4 B. Monroe (Ky.), 6;
Proffatt on Jury Trial, § 445; C. C. P., § 656; *Watson* v.
*Damon,* 54 Cal. 278; *McLaughlin* v. *Kelly,* 22 Cal. 220.)

*Freeman & Bates,* for Respondent Schaden.

The only point made by the plaintiff is that the verdict
was upon a matter not in issue, and should be disregarded.
But there were three questions in issue, viz.: whether the
note was presented and payment of the whole or any part
demanded; whether payment of the whole or any part was
ever refused by Gardener, and whether defendant had notice
of any presentment, demand, or refusal. Under these issues
it might have appeared, either from plaintiff's or defendants'
evidence, that payment of a part only of the note had been
demanded, or that plaintiff's notice of dishonor to defendants
had stated that only a part of the note remained unpaid, or
that plaintiff had notified defendants that he should look to
them for the payment of some sum less than two hundred
and ninety-four dollars and fifty cents. In either of these
cases judgment could have gone for plaintiff only for the
amount for which he demanded payment, or for the amount
which he notified defendants remained unpaid. Or it may
be that, at the trial, plaintiff consented to have payments
allowed which were made *pendente lite* or otherwise, notwith-
standing they were not pleaded. If such evidence had been
offered or such consent given, it would not appear in the
judgment roll. The verdict of the jury ought to be presumed
to be right, as long as the plaintiff does not choose to attack
it by any statement of the evidence or proceedings. It may
be urged that because the jury found for the plaintiff as to
part, it ought to be deemed to have found for him as to the
whole. With like force it may be said that the jury found
for defendants as to part of the claim, and therefore it must
be that they found there was no demand, notice, etc., for
otherwise their finding should have been for the whole. The
defendants might as well move for a judgment wholly exon-

erating them, as for the plaintiff to move for a judgment for the whole sum claimed by him.

The amount of recovery must always be found by the jury, and there is no authority for judgment for any other amount. (C. C. P., § 626; *Watson* v. *Damon,* 54 Cal. 278.)

It is evident that the jury did not intend to find a verdict for seven hundred and ten dollars, and it is probable that rather than do so they would have found for the defendant. Neither party has considered it safe to attack the finding, nor to move for a new trial. This Court ought not to assume the province of the jury and direct judgment for seven hundred and ten dollars. Neither ought this Court to direct a new trial, for that has not been sought by either party.

The COURT:

This was an action against indorsers to recover the amount due for the principal and interest of a promissory note. The answer denied the presentation of the note to the maker, the demand of payment, the refusal to pay, and notice of presentation, demand, and refusal. There was no denial of the execution or indorsement of the note, and no plea of payment. There was, therefore, no issue to go to the jury except as to presentation, demand, refusal to pay, and notice. The jury returned a verdict in the following form: "We, the jury in the above entitled cause, find for the plaintiff, and assess his damages at the sum of two hundred and ninety-four dollars and fifty cents." The plaintiff moved for judgment for the amount of the note and interest, which motion was denied, and judgment was entered for the amount named in the verdict. The plaintiff was entitled to his motion. The jury had nothing to do with matters not in issue, and a verdict referring to such matters is, so far, surplusage. So far as the verdict related to matters in issue, it was in favor of plaintiff. The Court should have computed the amount due on the note for principal and interest, and rendered judgment accordingly.

Judgment vacated and cause remanded, with instructions to make computation and render judgment in accordance with this opinion.