LAWRENCE KEEGAN *vs.* WILLIAM F. HAYDEN *et als.*

In a tort action against several defendants jointly charged, the verdict cannot be apportioned among those found guilty, each being liable *in solido* without reference to the degree in which he contributed to the tort.

DEFENDANTS' petition for a new trial.

*May* 31, 1883. DURFEE, C. J. This is a petition for the new trial of an action of trespass against three several defendants for assault and battery and false imprisonment. The defendants

pleaded jointly : *first*, the general issue; and, *second*, a special plea in justification that they were police constables of the city of Providence, and as such arrested the plaintiff for intoxication in the public streets of said city, and detained him for trial, the said arrest and detention being the trespasses complained of. The jury on trial returned a verdict for the plaintiff against them all jointly for $500. One of the grounds assigned for new trial is that the jury did not discriminate between the defendants, but assessed them all jointly for the full amount of the damages. We do not find any error in this. The rule is that, in an action of tort against several who are jointly charged, the verdict ought to be rendered against all who are proved guilty as charged, without any apportionment of the damages, each and all of them being alike liable for the wrong to the fullest extent, in whatever different degrees they may have contributed to it. *Hill* v. *Goodchild*, 5 Burr. 2790; *Hume* v. *Oldacre*, 1 Stark. 351; *Berry* v. *Fletcher*, 1 Dill. 67, 71; *Sprague* v. *Kneeland*, 12 Wend. 161; *Halsey* v. *Woodruff*, 9 Pick. 555; *Fuller* v. *Chamberlain*, 11 Met. 503; *Currier* v. *Swan*, 63 Me. 323; *Clark* v. *Bales*, 15 Ark. 452; *Hair* v. *Little*, 28 Ala. 236; *Bell* v. *Morrison*, 27 Miss. 68; *Beal* v. *Finch*, 11 N. Y. 128. The defendants also ask for a new trial because the verdict is against the evidence and the weight thereof, and because the damages are excessive. The evidence is conflicting, but we are not prepared to set the verdict aside for the first of these two reasons. We think, however, that the damages are excessive, for, according to the evidence, the peace of the street had been disturbed, and the plaintiff, if not indecently drunk, had been drinking enough to make him excitable and abusive. A new trial will therefore be granted unless the verdict is reduced to $300.

*Charles E. Gorman & John Palmer*, for plaintiff.

*Nicholas Van Slyck & Stephen A. Cooke, Jun.*, City Solicitors of the city of Providence, for defendants.