[No. 14859.   Department Two. — October 4, 1892.]

PHŒBE F. JOHNSON, RESPONDENT, *v.* S. VISHER,
APPELLANT.

EJECTMENT — DAMAGES — RENTAL   VALUE — PLEADING — RECEPTION OF
RENTS AND PROFITS. — A complaint which alleges that the defendant
wrongfully ousted the plaintiff from premises owned by the plaintiff, and
took possession thereof, to the plaintiff's damage in a sum specified, and
further states the rental value of the premises, warrants a judgment for
the possession and for the value of the rents and profits during the
period of the wrongful withholding, and is not defective in not averring
that the defendant had received the rents and profits.

ID. — INFORMAL VERDICT — CONSTRUCTION — RENTS AND PROFITS — SUP-
PORT OF JUDGMENT. — A verdict in an action of ejectment, whereby the
jury "find for the plaintiff, and judgment in the sum of $1,175," though
informal, must be construed to be a general verdict, with a special
finding of the value of the rents and profits during the whole period of
the wrongful withholding, and is sufficient to support a judgment that
the plaintiff recover the possession of the premises and "the sum of
$1,175, rents and profits," and costs.

ID. — ADMISSIONS OF PLEADINGS — RENTAL VALUE — EVIDENCE — PRE-
SUMPTION UPON APPEAL. — Both the court and jury are bound by the
admissions of the pleadings as to the withholding of possession, and as
to the rental value of the premises, to the extent of those admissions;
and where the evidence is not returned upon appeal, it may be presumed
that the verdict, under the admissions of the pleadings, taken in connec-
tion with the evidence, was proper as to amount.

ID. — OBJECTION TO VERDICT UPON APPEAL. — A party will not be heard to
object to a verdict for the first time upon appeal from the judgment, if
it is susceptible of a construction which may have a lawful effect rele-
vant to the pleadings.

APPEAL from a judgment of the Superior Court of
San Joaquin County.

The facts are stated in the opinion.

*A. H. Carpenter,* and *Cobb, Kinley & Burris,* for Ap-
pellant.

*Baldwin & Campbell,* for Respondent.

VANCLIEF, C. — Action of ejectment, the complaint
alleging that plaintiff is owner of the demanded prem-
ises, that defendant wrongfully ousted her from and took
possession thereof, "and now retains possession of the
same from plaintiff, to plaintiff's damage in the sum of
five hundred dollars," and "that the rental value of
said real estate is the sum of fifteen hundred dollars, or
thereabouts, per annum," and prays judgment for the
possession, and "for the sum of two thousand dollars
damage."

The answer of the defendant denies plaintiff's title,
right of possession, and all damages, and denies that
the value of the rents and profits exceeds two hundred
dollars per annum, and for further answer, alleges that
defendant has been in the peaceable and uninterrupted

possession of the land for more than five years next before the commencement of this action, claiming the same adversely by farming the same, etc., and that plaintiff's alleged cause of action is barred by section 318 and by section 338 of the Code of Civil Procedure. The answer also alleges other affirmative matter as a defense to the action.

The case was tried by a jury, whose verdict was: "We, the jury in the above-entitled cause, find for the plaintiff, and judgment in the sum of ($1,175) eleven hundred and seventy-five dollars."

Whereupon it was adjudged by the court that plaintiff have and recover from the defendant the possession of the demanded premises, and "the sum of $1,175, rents and profits," and $74.25 costs.

The defendant brings this appeal from the judgment on the judgment roll without a bill of exceptions.

1. Appellant contends that neither the complaint nor the verdict is sufficient to support the judgment.

The complaint, as against a general demurrer, warrants a judgment for the possession of the demanded premises, and for the value of the rents and profits during the period of the wrongful withholding. It was not necessary that there should have been an averment that the defendant had received the rents and profits. (*Patterson* v. *Ely*, 19 Cal. 28; *Sullivan* v. *Davis*, 4 Cal. 291.)

The questions as to what was the value of the rents and profits, and as to what was the period of wrongful withholding, must have been submitted to the jury, whose verdict must be presumed to have been justified by the evidence.

The verdict, though informal, was properly construed by the court to be a general verdict, with a special finding of the value of the rents and profits for the whole period of the wrongful withholding, and so construed, supports the judgment. As a general verdict, it determines that plaintiff was the owner of the demanded premises, and that defendant wrongfully withheld the possession; from which it follows, as matter of law, that

plaintiff was entitled to recover the possession, and the value of the rents and profits for the whole period of the wrongful withholding. The remaining question propounded is, Does the special finding of the jury, viz., "and judgment in the sum of $1,175," construed in connection with the pleadings and evidence, mean that $1,175 was the value of the rents and profits for the wrongful withholding, so as to support the judgment for that sum as "*rents and profits*"?

As the record gives no account of the proceedings on the trial, and contains no part of the evidence, the appellate court is not placed at the point of view occupied by the trial court when the latter construed the verdict. Only the relation of the verdict to the pleadings can be seen by this court; and it appears that the verdict, as construed by the trial court, is relevant and responsive to the pleadings, and to some extent includes facts admitted by the pleadings, viz., that defendant withheld the possession, and that the value of the rents and profits were two hundred dollars per annum. To the extent of the admissions of the pleadings, both the jury and the court were bound by them. (*McLaughlin* v. *Kelly*, 22 Cal. 213; *Hutchins* v. *Inyo County*, 61 Cal. 119; *Pierce* v. *Schaden*, 62 Cal. 283.) If necessary to uphold the construction given to the verdict by the trial court, it may be presumed that in addition to the admissions of the pleadings it was clearly proved or admitted at the trial that the value of the rents and profits for the period of the wrongful withholding was $1,175, and that there was no evidence of damage from any other cause. But supposing that there was evidence of damage, other than the loss of rents and profits, to the extent of the *ad damnum* allegation ($500), and that the jury included this in their estimate,—adding it to $675 for rents and profits, —the defendant was not injured, either by the form of the verdict or by the misconstruction of it by the court; for, so far as he was concerned, the result would have been the same as if the verdict had been perfectly formal in two parts,—$675 rents and profits, and $500 damages

from other causes. If the defendant was dissatisfied with the form of the verdict, he should have asked, at the time it was announced, that it be made formal and certain; otherwise it was the duty of the court to construe it so as to give it the effect intended by the jury, if the intended effect could be ascertained from its language, considered in connection with the pleadings and evidence; *provided*, however, that the intended effect was not unlawful and not irrelevant to the pleadings. (*Truebody* v. *Jacobson*, 2 Cal. 270; *People* v. *McCarthy*, 48 Cal. 557; *People* v. *Perdue*, 49 Cal. 425.) And as a general rule, a party will not be heard to object to a verdict for the first time on appeal from the judgment, if it is susceptible of a construction which may have a lawful and relevant effect (*Douglass* v. *Kraft*, 9 Cal. 562), and this case does not appear to fall within any exception to the rule.

2. Appellant complains that his equitable defense was not disposed of before the trial at law.

The ready answer to this is, that no affirmative matter constituting an equitable cause of action against the plaintiff was pleaded.

I think the judgment should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.