[Civ. No. 9932. Second Appellate District, Division One.—December 10, 1935.]

HELEN M. CURTIS, Respondent, v. SAN PEDRO TRANS-PORTATION COMPANY (a Corporation), Appellant.

David E. Hinckle for Appellant.

Anderson & Anderson for Respondent.

ROTH, J., *pro tem.*—Respondent as plaintiff sued appellant company and one Christensen for an assault committed by Christensen on December 16, 1932. Respondent on such date was a passenger on a ferry owned by the company and operated by Christensen, its servant. The facts constituting the assault are not questioned, nor is any point raised as to the responsibility of the appellant company for the acts of its servant. The company, which is the sole appellant, contends that the judgment entered upon the verdict is invalid because it does not conform to the verdict. Appellant asserts that the trial court could have cured the defect in the verdict by following the procedure outlined in section 619 of the Code of Civil Procedure, and in no other manner.

The verdict of the jury was as follows: "We, the jury in the above entitled action, find for the plaintiff against defendant San Pedro Transportation Co., Ltd., and assess her compensatory damages in the sum of $1,000. We further find in favor of the plaintiff against Karl Christensen and assess her compensatory damages in the sum of $2,000. . . . "

██ It has been uniformly held in this state that a trial court not only has the authority, but that it is its duty to make a judgment conform to the verdict, when the intention of the jury is clear from the language of the verdict which it returns, considered in connection with the pleadings and the evidence. (*Truebody* v. *Jacobson*, 2 Cal. 269, 284, 285; *Perkins* v. *Wilson*, 3 Cal. 137; *Johnson* v. *Visher*, 96 Cal. 310, 314 [31 Pac. 106]; *Johnson* v. *Phenix Ins. Co.*, 152 Cal. 196, 200 [92 Pac. 182].) This is the law as well in criminal cases. (*People* v. *McCarty*, 48 Cal. 557; *People* v. *Morley*, 8 Cal. App. 372, 376 [97 Pac. 84].) In the case of *Johnson* v. *Visher*, *supra*, at page 314, the court says:

"If the defendant was dissatisfied with the form of the verdict, he should have asked, at the time it was announced that it be made formal and certain; otherwise it was the duty of the court to construe it so as to give it the effect intended by the jury, if the intended effect could be ascertained from its language, considered in connection with the pleadings and evidence; *provided,* however, that the intended effect was not unlawful and not irrelevant to the pleadings. (*Truebody* v. *Jacobson, supra; People* v. *McCarty, supra; People* v. *Perdue,* 49 Cal. 425.) And as a general rule, a party will not be heard to object to a verdict for the first time on appeal from the

judgment, if it is susceptible of a construction which may have a lawful and relevant effect (*Douglass* v. *Kraft*, 9 Cal. 562), and this case does not appear to fall within any exception to the rule."

From a layman's viewpoint, it is undoubtedly true, as appellant urges, that the verdict indicates that the jury intended to limit appellant's liability to $1,000. Doubtless it is also susceptible to the interpretation that the jury intended a total verdict of $3,000, $2,000 against Christensen, and $1,000 against the company. The verdict, however, must be read in the light of settled principles of law. Appellant, itself, in its brief, quoting from 16 California Jurisprudence, page 1098, contends: "There is no proposition of law more firmly established than that known as the doctrine of *respondeat superior*, which declares that the master is responsible to third persons for the damage caused by the wrongful acts or omissions of its servants in the course of their employment." █ It is also thoroughly established that in an action against two joint tortfeasors, there can be but one judgment against both, and that the liability of such tort-feasors cannot be segregated, irrespective of their respective degrees of guilt. The case of *Washington Gaslight Co.* v. *Lansden*, 172 U. S. 534 [19 Sup. Ct. 296, 43 L. Ed. 543], cited by appellant, holds, the court speaking at page 550:

"Those of the wrongdoers who are sued together and found guilty in an action of tort are liable for the whole injury to plaintiff, without examining the question of the different degrees of culpability. And if but one is sued, he is liable for all the damages inflicted by the most culpable. (Cooley on Torts, 133, 135, 136; *Currier* v. *Swan*, 63 Me. 323; *Berry* v. *Fletcher*, 1 Dill. 67, Fed. Cas. No. 1357; *Pardridge* v. *Brady*, 7 Ill. App. 639; *McCarthy* v. *De Armit*, 99 Pa. 63–72.)"

█ When the verdict is considered in the light of such well-settled principles, it being conceded that Christensen was acting within the scope of his employment as he undoubtedly was, there can be no question that the measure of appellant's responsibility is coincident with that of Christensen.

Although plaintiff prayed for punitive damages, it is clear from the verdict that no punitive damages were assessed. If punitive damages had been assessed, appellant would then present a situation comparable to that treated in the case of *Washington Gaslight Co.* v. *Lansden, supra,* but the verdict by

its specific language demonstrates that only compensatory damages were awarded. We therefore are not required to pass upon the hypothetical question suggested by appellant in that regard.

In the case of *Truebody* v. *Jacobson, supra,* the court says at page 284: "There is enough in the verdict as rendered to have enabled the Court to ascertain the intention of the jury, and it ought to have been supported. It was competent to the Court to instruct the jury to amend their verdict as to form, not affecting the substance, and in such manner as to be unexceptionable in law. That not having been done, the Court below ought to have conformed its judgment to the obvious intention of the jury. That could not have been mistaken." And at page 285, the same court says: "A wise and conservative policy has doubtless given occasion to the sound and excellent rule of law, by which appellate courts have been guided in preferring to effectuate the ends of justice, where it has been practicable to do so by concluding the case, rather than to apply the strictest technicalities, and to send the parties back to the certainty of accumulated costs and injurious delays."

We are of the opinion that the action of the trial court in granting plaintiff's motion to enter judgment against both defendants for the sum of $2,000 is supported by the language of the verdict, when considered together with the pleadings and evidence, and when read in the light of settled principles of law.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.