[Civ. No. 24607. First Dist., Div. Two. Apr. 28, 1969.]

EVA S. CAMPBELL, Plaintiff and Respondent, v. CARL G. ZOKELT, Defendant, Cross-complainant and Respondent; WILLY DeWINTER, Defendant, Cross-complainant and Appellant.

Gudmundson, Siggins, Stone & Goff and W. W. Gudmundson for Defendant, Cross-complainant and Appellant.

Gladstein, Anderson, Leonard & Sibbett, Lewis J. Yapp and Norman Leonard for Plaintiff and Respondent.

Hitchcock & Coulter, James P. Preovolos and L. G. Hitchcock for Defendant, Cross-complainant and Respondent.

TAYLOR, J.—In these cross-actions for personal injuries and property damage sustained in an automobile collision, defendant and cross-complainant, Willy DeWinter, appeals from an order granting a new trial on grounds of inconsistency of the verdicts of plaintiff, Eva S. Campbell (hereafter Campbell), and defendant and cross-complainant, Carl G. Zokelt (hereafter Zokelt). DeWinter contends that the jurors' affidavits erroneously stricken by the trial court indicate that the verdicts are not inconsistent, and that in any event, Campbell and Zokelt waived any rights they might have had by failing to object to the forms of the verdict.

The accident occurred on April 27, 1964, on Highway 128 about 14 miles east of Rutherford. Zokelt, an 80-year-old retired mining engineer, was driving his 1957 GM pickup truck east on his way to Sacramento, with Mrs. Campbell, who, on a profit-sharing basis, assisted him in the promotion of mining properties. Attached to Zokelt's truck was an 8-foot-wide trailer. DeWinter, who was 29 years old, was proceeding westward in a 1960 Mercury convertible on his way from Lake Berryessa to his home in Santa Rosa.

At the scene of the accident, Highway 128 is a narrow winding two-lane road without a center line. The two vehicles met on an extremely sharp curve, after each had seen the other only an instant prior to the impact. There were no witnesses other than the parties, and the only plausible cause of the collision was that one or both vehicles were on the wrong side of the road. Accordingly, the contributory negligence of both drivers was an important issue.

On the crucial fact, the point of impact, the evidence was in sharp conflict. Campbell and Zokelt testified that DeWinter

was on their side of the road, and that the truck was struck in two places by the Mercury. DeWinter stated that he could not tell whether the Zokelt vehicles were over the nonexistent center line and that he collided only with the trailer. The California highway patrolman who investigated the accident, fixed the point of impact as being on DeWinter's side of the road, and Zokelt's violation as the cause of the accident. The garage operator who removed the wreckage noted some indentations containing white paint from another vehicle on the left side of the truck. Zokelt and Campbell testified that the DeWinter vehicle was white or cream colored; DeWinter and the highway patrol officer that it was yellow.

As a result of the accident, Campbell was hospitalized and sustained medical expenses totaling $2,781.85. Zokelt received emergency medical treatment and claimed medical expenses of $47, as well as $2,700 in property damage for the truck and trailer, which were damaged beyond repair.

Campbell filed this action for personal injuries against Zokelt and DeWinter. Zokelt cross-complained against DeWinter for personal injuries and property damage; DeWinter, in turn, cross-complained against Zokelt for property damage. About a week before trial, for a payment of $6,500, Campbell gave Zokelt a covenant not to execute. This fact was elicited on cross-examination and a copy of the covenant introduced into evidence.

The jury returned the following verdicts: in favor of Campbell against DeWinter, with damages of zero; in favor of DeWinter against Zokelt; and against Zokelt on his cross-complaint against DeWinter. No objection was made to the form of the verdicts, and judgment was entered.

Campbell and Zokelt moved for a new trial on all of the statutory grounds. In opposition thereto, DeWinter filed the declarations of two members of the jury, stating that the jury could not find the form of the verdict in favor of DeWinter and against Campbell and thought the verdict with zero damages reflected its finding that DeWinter was free from negligence. The trial court, at the hearing on the motion for a new trial, struck the affidavits as they were being used to impeach the verdict (Code Civ. Proc., § 657, subd. 2) and granted the new trial on the basis of the inconsistency of the verdicts (Code Civ. Proc., § 657, subd. 6). This appeal ensued.

■    A decision can be said to be "against law" within the meaning of Code of Civil Procedure section 657, subdivision 6, where the findings are irreconcilable (*Kralyevich* v. *Mag-*

*rini,* 172 Cal.App.2d 784, 789 [342 P.2d 903]). DeWinter first contends that the jurors' affidavits, erroneously stricken by the trial court, indicate that the verdicts are not inconsistent. DeWinter argues that the affidavits were not intended to impeach the verdict but to substantiate it. This contention is entirely without merit.

The well-settled rule is that affidavits of jurors may be used to impeach verdicts in only two situations: where the jury has resorted to chance, Code of Civil Procedure section 657, subdivision 2, and bias or disqualification of a juror that has been concealed by false answers on *voir dire* (*Kollert* v. *Cundiff,* 50 Cal.2d 768, 773 [329 P.2d 897]. The affidavits here in question do not fall within either of these categories. As noted above, these affidavits were offered to show that the jury thought that the verdict in favor of Campbell and against DeWinter with zero damages expressed its finding that DeWinter was not negligent. This is an attempt to explain or interpret the verdicts. As this court (Division One) said under somewhat similar circumstances in rejecting the identical argument in *Fernandez* v. *Consolidated Fisheries, Inc.,* 117 Cal.App.2d 254, at page 263 [255 P.2d 863]: "If the verdict is ambiguous the party adversly affected should request a more formal and certain verdict. Then, if the trial judge has any doubts on the subject, he may send the jury out, under proper instructions, to correct the informal or insufficient verdict. (Code Civ. Proc., § 619; *Curtis* v. *San Pedro Transp. Co.,* 10 Cal.App.2d 547 [52 P.2d 528]; *Phipps* v. *Superior Court,* 32 Cal.App.2d 371 [89 P.2d 698].) Otherwise, it is the function of the trial judge to interpret the verdict from its language considered in connection with the pleadings, evidence and instructions. (*Curtis* v. *San Pedro Transp. Co.,* 10 Cal.App.2d 547 [52 P.2d 528].)" Similarly here, the trial court correctly interpreted the verdicts and struck the affidavits.

DeWinter next contends that the verdicts are not, in fact, inconsistent, as the verdict in favor of Campbell and against DeWinter with zero damages is equivalent to a defense verdict and consistent with the verdict in favor of DeWinter against Zokelt. We cannot agree. The verdict in favor of Campbell and against DeWinter necessarily includes an implied finding that DeWinter was negligent. The verdict in favor of DeWinter against Zokelt necessarily includes a finding that DeWinter was not negligent. DeWinter in the same accident, under the facts here presented, cannot be neg-

ligent as to Campbell and not negligent as to Zokelt. The verdicts are clearly inconsistent and cannot stand (*Remy* v. *Exley Produce Express, Inc.*, 148 Cal.App.2d 550 [307 P.2d 65]). We note that the jury was correctly instructed on the question of contributory negligence, and also provided with an alternative verdict in favor of DeWinter and against Campbell, which it did not use.

■ DeWinter next contends that Campbell and Zokelt waived their right to complain about the inconsistency of the verdicts by their failure to object to the form of the verdicts prior to the discharge of the jury. Code of Civil Procedure section 619 provides: ''When the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.''

However, the verdicts here were not informal or insufficient in not covering the issue submitted, but were inconsistent. This court (Division One) held in *Remy* v. *Exley Produce Express, Inc., supra,* at pages 554-555, that such inconsistency need not be called to the attention of the trial court, pursuant to Code of Civil Procedure section 619. *County of Humboldt* v. *Shelly,* 220 Cal.App.2d 194 [33 Cal.Rptr. 758], cited by DeWinter, is not in point, as there, the verdict was insufficient on its face as the jury found in favor of the plaintiff, awarded no damages and wrote across the face of the verdict ''Due to Contributory Negligence.'' The other authorities cited by DeWinter are likewise not in point as they also deal with insufficient verdicts.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1969. Peters, J., was of the opinion that the petition should be granted.