[No. 3,131.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* PANCHO VALENCIA AND GUADALUPE VALENCIA.

INDICTMENT FOR MURDER.—An indictment against two persons for murder may charge in one count, one as principal, and the other as accessory, and in another count the latter as principal, and the former as accessory.

IDEM.—Such indictment does not charge each defendant with two offenses, nor are the two counts repugnant.

MURDER IN THE FIRST DEGREE.—The willful and felonious killing of another does not constitute murder in the first degree, but there must be also deliberation and premeditation.

INSTRUCTIONS TO JURY IN CRIMINAL CASE.—Where, on a trial for murder, two parts of the charge of the Court to the jury are contradictory, and one is correct and the other is erroneous, the judgment of conviction will be reversed, even though the appellate Court may be satisfied from the evidence that the jury ought to have found the defendant guilty.

PROVINCE OF THE JURY IN CRIMINAL TRIAL.—On a trial for murder, the questions of deliberation and premeditation are peculiarly the province of the jury to determine.

APPEAL from the District Court of the Seventh Judicial District, Solano County.

The defendants were convicted in the Court below, and appealed.

The other facts are stated in the opinion.

*A. Teague*, for Appellants.

A party cannot be charged as principal and accessory in the same indictment.

The definition of murder given in the charge, willfully

and violently killing, would make every grade of killing murder in the first degree.

*Southard & Deuprey*, and *A. Teague*, also for Appellants.

It is laid down that, under our Criminal Practice Act, though an accessory before the fact is liable to the same punishment as the principal, he must be indicted and charged as an accessory and not as a principal. (*People* v. *Campbell*, 40 Cal. 129; *People* v. *Trim*, 39 Cal. 75; *People* v. *Schwartz*, 32 Cal. 160.)

The law is equally well established in this State that the principal may be acquitted and the accessory to the same crime found guilty. (*People* v. *Newberry*, 20 Cal. 439.) Also, that the accessory may be found guilty in a county far removed from the scene of the execution of the crime for which he is charged. By these rulings it is evident that principal and accessory are not so allied, in a criminal light, as to allow of the merger of the one into the other, and the charging one person with murder, and aiding and abetting the same, at one and the same instant.

How could the Valencias determine of which crime they must answer, accessory or principal? Were they to consider, what is impossible, that they were both principals, both accessories?

Where one material part of an indictment is repugnant to another, the whole is void, is a familiar rule of criminal pleading. (See Archibald's Crim. Pleadings, Vol. 1, pp. 54, 66; 2 East, P. C. 985.)

In the indictment aforesaid, two offenses so different in grade, as, to our mind, to be entirely repugnant to each other, are charged against one and the same person; we therefore contend that said indictment contains such repugnance as to vitiate the whole document.

*John L. Love,* Attorney General, and *J. W. Coffroth,* for the People.

The offense charged was murder, and the second count distinctly refers to the first. The pleading clearly shows upon its face that the matters and things set forth in the different counts are descriptive of one and the same trans-action. (*People* v. *Thompson,* 28 Cal. 216; *People* v. *King,* 27 Cal. 509; *People* v. *Murphy,* 39 Cal. 55; *People* v. *Schwartz,* 32 Cal. 164.)

Section eleven of the Act concerning crimes and punishments says that an accessory before the fact "shall be deemed and considered as principal, and punished accordingly." In close connection with this definition of an accessory follows section two hundred and fifty-five of the Criminal Practice Act, declaring that "no distinction shall exist between an accessory before the fact and a principal," and that "all persons concerned in the commission of a felony shall hereafter be indicted, tried, and punished as principals." The text books are full of cases sustaining the form of the present indictment. (1 Archibald Cr. Pl. 309, Sec. 94.)

Where two persons were indicted for murder, A. in the first count being indicted as principal, and B. present, aiding and abetting, and in the second count B. was indicted as principal, and A. with being present, aiding, and abetting, the indictment was held to be good. (1 Archibald Cr. Pl. 319; *R.* v. *Downing,* 1 Dennison's Crown Cases.)

By the Court, Rhodes, J.:

The defendants were indicted for murder. The indictment contains two counts. The first charges Pancho Valencia as the principal, and Guadalupe Valencia as an accessory; and the second charges Guadalupe as the principal, and

Pancho as an accessory. The demurrer to the indictment was overruled, and, we think, correctly. The point now urged is that the indictment does not conform to sections two hundred and thirty-eight and two hundred and thirty-nine of the Criminal Practice Act, because it charges each defendant with two offenses, and because the two counts are repugnant. It is apparent that only one offense is charged, which is the murder of Hewitt. The principal and the accessory are alike guilty of the same offense; but the rules of pleading require that an accessory shall be charged as such, and not as a principal. Had only one of the defendants been indicted, if it were doubtful whether the evidence would show that he was the principal or an accessory, he should be charged in one count as the principal, and in another count as an accessory. There would be neither two offenses charged in the indictment, nor would the two counts be inconsistent. (*People* v. *Schwartz*, 32 Cal. 164; *People* v. *Trim*, 39 Cal. 75; *People* v. *Campbell*, 40 Cal. 129.) The same rule would obtain where two or more are charged in the same indictment.

The Court in charging the jury, after having read from the statute the definition of murder in the first and murder in the second degree, malice, etc., proceeded as follows: "I charge you further, if you are satisfied from the evidence that on or about the 3d day of March, 1871, in the County of Solano, the defendant Pancho Valencia willfully and feloniously took the life of Joseph Hewitt by means of shooting, and that the defendant Guadalupe Valencia stood by, aided, abetted, or assisted in the killing, then it is your duty to find the defendants guilty of murder in the first degree."

It is not doubted that that part of the charge is erroneous, as it omits from the definition of murder in the first degree the essential qualities of deliberation and premeditation; but it is contended by the prosecution that as the Court had

correctly defined murder in the first degree, and as the jury would consider together all the parts or propositions of the charge, the error in the part above cited is cured by the correct definition which had already been given. The two parts of the charge are contradictory, and the jury would not be able to say that the Court intended that the former rather than the latter should be received by them as the correct definition of murder in the first degree. There is no doubt that the jury would always give greater heed to a charge delivered in the language of the Judge, in which only the particular manner in which it is claimed by the prosecution that the murder was committed is mentioned, than to the statutory definition in which are enumerated several different kinds of murder, as constituting murder in the first degree. We are not justified in saying that the error was productive of no injury to the defendants, because we may be satisfied that the jury ought to have found from the evidence, as they did, that the defendants are guilty of murder in the first degree. The question as to the deliberation and premeditation of the defendants is one which is peculiarly the province of the jury to determine; and should we sustain the charge of the Court, because of the apparently satisfactory character of the evidence, that question would virtually be withdrawn from the jury.

Judgment reversed, and cause remanded for a new trial.