[No. 20661.   In Bank. — March 7, 1891.]

## THE PEOPLE, RESPONDENT, v. CHEW SING WING, APPELLANT.

CRIMINAL LAW — HOMICIDE — INSTRUCTION — CHARGE AS TO MATTERS OF FACT — CONSTITUTIONAL LAW. — Upon the trial of a defendant charged with murder, an instruction to the jury that if the testimony is believed it would undoubtedly make out a case by the prosecution of murder in the first degree, and that it tended to show that the murder was willful, deliberate, and premeditated, is a charge to the jury as to matters of fact, in contravention of the constitution.

ID. — DEGREE OF MURDER — PROVINCE OF JURY — QUESTIONS OF FACT AND LAW. — It is peculiarly a question of fact within the province of the jury to determine whether the killing was perpetrated with the deliberation and premeditation necessary to constitute it murder in the first degree, unless the facts in evidence show that the murder was committed by such means as are, by the terms of the statute, made conclusive evidence of murder in the first degree.

ID. — APPEAL — WEIGHT OF TESTIMONY. — Where the charge to the jury invades its province in determining a question of fact as to the degree of the murder, the appellate court will not weigh the testimony for the purpose of determining whether the verdict of the jury is right upon the evidence.

ID. — ERROR NOT CURED. — An error in an instruction as to the degree of the murder is not cured by a subsequent statement of the court to the effect that the jury should utterly disregard any intimation of his opinion as to the testimony.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. N. E. Wilson,* and *T. D. Riordan,* for Appellant.

*Attorney-General Johnson,* for Respondent.

DE HAVEN, J. — The defendant was by information charged with the murder of one Leuy Jing. He was tried and convicted of murder in the first degree, and sentenced to be imprisoned for life. He appeals from the judgment, and order refusing him a new trial.

Upon the trial, one Chang Fook, a witness for the people, testified: "I was going up Baker's Alley on the night of the 13th of July, 1889, in San Francisco. . . . . I saw Leuy Jing coming down the alley and the defendant coming seven or eight steps behind him. I saw the defendant fire a pistol at Leuy Jing. After the defendant fired the shot he ran back up the alley, while Leuy Jing kind of hurried off down towards Dupont Street. . . . . When I saw Leuy Jing shot he ran down the alley. . . . . He said, 'Save life,' and he said, 'Sun Wing has shot me.'"

There was also introduced the dying declarations of the deceased, which were, in substance, that the defendant shot him; that he turned and saw him; that defendant followed him out of his room. He further said: "He accused me of asking Cum Moon for money. I did not attempt to hurt him or any one."

This was all of the evidence in the case tending to show the circumstances of the shooting, and the court gave the following instruction to the jury: "If the testimony bearing upon the question of the killing, so far simply as the deceased is concerned, and the means by which he came to his end, are believed by you, it would undoubtedly make out a case by the prosecution of murder in the first degree, under the statutes. The testimony tends to show, under the circumstances, that the killing — whoever committed it — must have been deliberate, must have been premeditated, must have been unlawful, and must have been malicious. All the elements of murder in the first degree occur upon the testimony, if believed, as given in the case, and by the conversation of certain persons. The only question would be as to who committed the murder. The testimony is, I believe, uncontradicted, that this man, the deceased, was shot in that alley, in what is called Chinatown, in this city, in the night, in the back, that he ran a short distance, fell, and was picked up, and died of

that wound, and that the murderer — so far as the imme-
diate evidence is concerned as to the act of killing —
escaped from the spot without any further detection than
this given by the testimony of one witness who professes
to have seen the transaction."

This instruction contravenes section 19 of article 6 of
the constitution of this state, which declares: "Judges
shall not charge juries with respect to matters of fact,
but may state the testimony and declare the law."
(*People* v. *Ybarra*, 17 Cal. 171; *People* v. *Ah Lee*, 60 Cal.
85.)

In *People* v. *Ybarra*, 17 Cal. 171, the court, speaking
through Cope, J., say: "This provision is violated when-
ever a judge so instructs as to force the jury to a par-
ticular conclusion *upon the whole or any part of the case,*
or to take away their exclusive right to weigh the evi-
dence and determine the facts. The meaning of the
provision is, that the judge shall decide upon the law,
and the jury upon the facts, and that the former shall
not invade the province nor usurp the powers of the
latter. The judge has no more right to control the
opinion of the jury upon a matter of fact than the jury
have to disregard the directions of the judge upon a
matter of law."

There is no question arising in a trial for murder
more peculiarly or purely one of fact than the one
whether the killing was done with deliberation and pre-
meditation, or in the decision of which so much is neces-
sarily left to the sound sense, discretion, and experience
of the jury, who, under the constitution, are made the
exclusive triers of that issue. In *People* v. *Ah Lee,* 60
Cal. 86, this court said: "And we think it to be well
settled in this state that it was error to instruct the jury
that there were no circumstances in the case to reduce
the offense below that of murder in the first degree.
The question whether the killing was perpetrated with
the deliberation and premeditation necessary to consti-

tute it murder in the first degree was one which it was
' peculiarly the province of the jury to determine.' "

If the witnesses in this case had testified to a taking
of the life of deceased under any of the circumstances
enumerated by section 189 of the Penal Code as con-
clusive evidence of murder in the first degree, such as
by means of poison, lying in wait, or torture, it may be
that an instruction in the form given by the court below
could be upheld, as in that case, if the evidence were
true, it could be said as a matter of law, that the crime
committed was murder in the first degree, because the
act itself is made conclusive evidence of the fact that it
was willful, deliberate, and premediated.   But the ques-
tion arising upon the evidence here is far different; and
whether the shooting of Leuy Jing was willful, deliber-
ate, and premediated was purely a question of fact to be
determined as an inference from all the circumstances
surrounding the act, and was solely a matter for the jury
to find and declare for themselves.   No matter how
clearly it may have appeared to the court that the cir-
cumstances or manner of the killing, as given by the
witness, would, if truly given, furnish sufficient evidence
of everything essential to make the killing murder in
the first degree, still, the constitution forbade the judge
to announce his conclusion to the jury.   The defendant
was entitled to have that question submitted for decision
to the jury alone, as being the only persons authorized
to pass upon it, and was entitled to a verdict, based upon
their own judgment, entirely uninfluenced by the opinion
of the court as to what inferences of fact should be drawn
from the evidence relating to the act by means of which
the killing was effected.

2. Nor can this court weigh the testimony for the
purpose of determining whether the verdict of the
jury is not right upon the evidence.   What was said
by the court in *People* v. *Valencia,* 43 Cal. 556, is in
point here: "We are not justified in saying that the

error was productive of no injury to the defendants because we may be satisfied that the jury ought to have found from the evidence, as they did, that the defendants are guilty of murder in the first degree. The question as to the deliberation and premeditation of the defendants is one which is peculiarly the province of the jury to determine; and should we sustain the charge of the court because of the apparently satisfactory character of the evidence, that question would virtually be withdrawn from the jury."

3. The error in this charge was not cured by this subsequent statement of the court: "I am not allowed to assist you in any way by suggestions on the testimony. And if you should think that there is any intimation of my opinion, or anything else, you should utterly disregard it. It is only your business to decide these questions of fact."

This was not a withdrawal or a qualification of the former statement of the court, that the killing of Leuy Jing was murder in the first degree, if the witnesses for the prosecution were believed.

Other parts of the charge are excepted to, but it is not necessary to pass upon any other assignment of error in the case.

Judgment and order reversed.

McFarland, J., Garoutte, J., Harrison, J., Paterson, J., Sharpstein, J., and Beatty, C. J., concurred.