EL PUEBLO *v.* PAZ.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 37.—Resuelto en febrero 27, 1907.

ASESINATO EN PRIMER GRADO—TRASLADO DE LA CAUSA Á OTRA CORTE—DISCRECIÓN DEL TRIBUNAL.—De acuerdo con lo dispuesto en el artículo 173 del Código de Enjuiciamiento Criminal, enmendado en marzo 10, 1904, una corte tiene la facultad discrecional de decretar el traslado de una causa criminal á un distrito judicial que mejor reuna las condiciones de proximidad y facilidades para llegar á él, aunque no sea el contiguo al distrito donde se originó la causa, cuando éste sea objetado por motivos legales para ellos.

TRASLADO DE CAUSAS CRIMINALES—PRECEPTOS LEGALES QUE LOS RIGEN.—Solicitado el traslado de una causa criminal por el fiscal á un distrito, y conforme el abogado del acusado en ello, no está la corte obligada á respetar esa conformidad, pues en materias criminales no puede prorrogarse la jurisdicción de una corte incompetente ni está permitida la sumisión de las partes á determinada corte de jurisdicción.

Sumisión de las Partes.—En materia civil las partes contendientes son las únicas interesadas y pueden, sin inconveniente alguno, pactar la sumisión á determinada corte de jurisdicción, y contra ese pacto lícito, autorizado y que á nadie perjudica, nadie puede mostrarse querelloso, pero en materia criminal los intereses atendibles son distintos, y no puede aplicarse en ella el principio de la sumisión.

Veredicto Válido—Carencia de la Palabra Culpable.—Cuando el veredicto está redactado en términos tan claros que no dejan lugar á duda alguna, y cuyas palabras traducen perfectamente la intención del jurado, no puede decirse que el veredicto sea nulo porque no contenga la palabra expresa de "culpable," y su omisión no es un defecto fundamental que perjudique los derechos sustanciales del acusado.

Cómplices Antes del Hecho—Cómplices Después del Hecho.—El artículo 36 de nuestro Código Penal comprende dentro del concepto de autor ó principal lo mismo al que ejecuta directamente por sí el delito que al que, no estando presente en el acto de su ejecución, ayuda ó concita para que se realice. El cómplice después del hecho oculta el crimen, alberga ó protege al culpable, con conocimiento de que el crimen se ha cometido.

Acusación Como Autor—Convicción por Complicidad en el Mismo Delito.— Una acusación de asesinato en primer grado contra un individuo, como autor de dicho crimen por haber aconsejado ó incitado la comisión del delito, debe especificar que el acusado, con conocimiento de la comisión del crimen lo ocultó de las autoridades, por qué medios y si albergó ó protegió al acusado como autor material, y especificar también de que manera particular realizó los actos de ocultación ó protección, para poder ser legalmente convicto de cómplice del delito de homicidio voluntario.

Acusacion Contra un Cómplice—Alegaciones Esenciales.—Si bien es verdad que el autor y el cómplice son culpables por el mismo delito, las reglas de alegación requieren que el cómplice sea acusado como tal y no como principal ó autor.

Instrucciones Erróneas Sobre Complicidad—Regla de Interpretación.—La definición de cómplice expuesta en el Código Penal de Texas concuerda sustancialmente con la del artículo 37 de nuestro Código Penal, y de acuerdo con el principio de que donde hay la misma razón debe haber la misma interpretación, aceptamos la jurisprudencia del Tribunal Supremo de dicho estado, en el sentido de que "una persona acusada como autor, no puede ser convicta como un cómplice y que en un juicio, bajo tal acusación (de autor) se comete error al instruír al Jurado sobre complicidad."

Nuevo Juicio.—Cuando las instrucciones al Jurado acerca de un punto de derecho son erróneas y el veredicto es contrario á derecho, procede la revocación de la sentencia y ordenar la celebración de un nuevo juicio.

Los hechos estan expresados en la opinión.

Abogado del apelante: *Manuel F. Rossy.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Figueras emitió la opinión del tribunal.

Esta causa procede de la Corte de Distrito de Arecibo y se vió por un tribunal de jurados bajo la siguiente acusación:

"El Fiscal formula acusación contra José Morales (*a*) Yare-Yare, Miguel Lojo y Vidal (*a*) Chencho, Pedro Vidal Goico, José Reyes Alvarez, Prudencio Vidal Estruch, Rafael Pesante Gómez y Antonio Paz y Santos, por el delito de Asesinato en Primer Grado (Felony) cometido como sigue: El citado José Morales (*a*) Yare-Yare entre nueve y diez de la noche del día dos de julio del corriente año mil novecientos cinco en el pueblo de Añasco, Distrito Judicial de Mayagüez, Puerto Rico, alevosa, deliberada y premeditadamente, y demostrando tener un corazón pervertido y maligno, dió muerte ilegal á Don José Adolfo Pesante en ocasión en que éste se encontraba sentado en una silla en la acera, frente al establecimiento de Farmacia de Don Rafael Arrillaga, para lo que hizo uso de un cuchillo ó puñal, infiriéndole una herida entre el octavo y noveno espacio intercostal sobre la región hepática que le interesó el hígado de la cual falleció al día siguiente. Los citados Miguel Lojo y Vidal (*a*) Chencho, Pedro Vidal Goico, José Reyes Alvarez, Prudencio Vidal Estruch, Rafael Pesante Gómez y Antonio Paz y Santos, son principales autores en el crimen cometido, toda vez que aconsejaron é incitaron, maliciosa y premeditadamente, al José Morales (*a*) Yare-Yare, la comisión del asesinato ante dicho, en la forma arriba expresada. Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad del pueblo de Puerto Rico.—Benjamín J. Horton, Fiscal del Distrito. La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, creyendo solemnemente que existe justa causa para presentarla al Tribunal.—Benjamin J. Horton, Fiscal del Distrito.

Jurado y firmado ante mí, hoy día ocho de agosto de 1905. Franco. Llavat, Secretario de la Corte de Distrito de Mayagüez."

Según manifiesta el defensor en su alegato ante esta Corte Suprema, fólio 4, el fiscal de Mayagüez solicitó el sobreseimiento de la causa contra Antonio Vidal Goico, José Reyes Alvarez, Antonio Vidal Estruch y Rafael Pesante Gómez.

Por esa circunstancia sin duda es que ahora aparece solamente juzgado Antonio Paz y Santos, no obstante, estar comprendido en la acusación junto con los demás relacionados.

Celébrado el juicio pronunció el jurado el siguiente vere-
dicto :

"Nosotros los del jurado y en su nombre el presidente que suscribe,
declaramos al acusado Antonio Paz, cómplice en el delito de homi-
cidio voluntario. En Arecibo á 22 de marzo de 1906. -Fernando Su-
ria."

La Corte de Arecibo, en vista del anterior veredicto, de-
claró culpable al acusado "del delito de cómplice de homicidio
voluntario" y señaló el día 28 de marzo de 1906, para la
lectura de la sentencia.

En dicho día, cumpliendo el señalamiento hecho, se "in-
formó al acusado de la naturaleza del cargo que se le hizo,
de su alegación de inocencia, y de los incidentes culminantes
de su proceso, incluyendo el veredicto del jurado".

Los abogados del acusado pidieron que no se dictase sen-
tencia, petición que fué desestimada, así como también la de
nuevo juicio, y se dictó sentencia condenando al acusado An-
tonio Paz á la pena de seis años de prisión en el Presidio De-
partamental de la Isla, con trabajos forzados y á pagar las
costas de esta causa por el delito de complicidad en homicidio
voluntario con los demás pronunciamientos del caso.

Contra esa sentencia se interpuso recurso de apelación
y aquí se encuentra el récord con un pliego que contiene las
excepciones que durante el juicio tomó el abogado de Antonio
Paz y cuyo pliego fué aprobado por el Juez de la Corte de
Arecibo, con ciertas aclaraciones que introdujo y consintió
dicho apelante, quien presentó ante esta Corte Suprema su
alegato, que ratificó oralmente, solicitando por el mérito de
las excepciones tomadas que se revoque la sentencia apelada
y se le absuelva ó que se le conceda un nuevo juicio.

El fiscal de esta Corte Suprema por el mérito de dos de las
excepciones tomadas, se adhiere á la segunda de las preten-
siones que formula la defensa y que constan expresas en el
párrafo anterior.

Nosotros nos haremos cargo en primer término de aquellas excepciones que consideramos más importantes y es claro que de su resolución depende el que sea necesario ó nó considerar las otras que van encaminadas al mismo propósito.

Esta causa se presentó en la Corte de Distrito de Maya güez, pero allí el fiscal por moción, bajo un *affidavit* suyo y con el testimonio del marshal, solicitó el traslado de la causa á la corte de Ponce, porque en la de Mayagüez, por la gran sensación producida, sería imposible, durante el término que corría, completar un jurado y que tampoco en la corte de Aguadilla, que era la más cercana, podría obtenerse un juicio justo é imparcial á causa de que el pueblo de Añasco, donde se alega que se cometió el crimen y donde residen el acusado y los testigos, formó parte hasta hace poco tiempo del distrito de Aguadilla. La representación de Antonio Paz estuvo conforme con el fiscal en que esta causa se trasladase á Ponce, pero la corte de Mayagüez dispuso el traslado á la de Arecibo y ante esa corte se alegó su incompetencia por Antonio Paz, bajo el fundamento de que sólo la de Ponce era la competente por haber estado en esto conformes las partes y porque era ella de más fácil y económico acceso que la de Arecibo, pidiendo, en consecuencia, que se remitiese de nuevo la causa á la corte de Mayagüez. Pero la corte de Arecibo se declaró competente para conocer del juicio y por tal negativa se tomó excepción.

Esta cuestión tiene que resolverse por lo dispuesto en el artículo 173 del Código de Enjuiciamiento Criminal enmendado por la Ley de la Asamblea Legislativa, aprobada en 10 de marzo de 1904, y que consta en la página 53 del tomo de dicho año, Edición española.

Con vista de esa disposición hay que convenir en que el Juez de la Corte de Distrito de Mayagüez obró correctamente al trasladar la causa á Arecibo porque él, según la Ley, tenía el deber de trasladar al distrito contiguo que tuviera su Sala de Justicia más cercana y fuese de más fácil acceso, pero descartada la corte de Aguadilla porque se objetó contra

ella por razones que satisficieron al tribunal de Mayagüez y que era sin duda la que mejor reunía las condiciones de proximidad y facilidades para llegar á ella, es claro que entonces cesó el deber impuesto por la ley y surgió para resolver el punto la discreción que la misma le concede, é hizo uso de esa facultad discrecional, designando la corte de Arecibo, y no hay nada en el récord que nos demuestre que hubo abuso de esa facultad, y por consiguiente, repetimos, que ese criterio debe sostenerse en el presente caso.

Pero se objeta por la defensa en el alegato presentado ante este tribunal que en esta causa criminal debió aplicarse por analogía el principio que establece el artículo 76 del Código de Enjuiciamiento Civil ó sea que "con arreglo á su jurisdicción, una corte conocerá de los pleitos á que dé origen el ejercicio de las acciones de todas clases, cuando las partes hubieran convenido en someter dicho pleito á la decisión de tal corte"; y como el acusado resultó conforme con el fiscal en que esta causa se trasladase á la corte de Ponce, dice que debió respetarse esa conformidad.

Este criterio no es bajo ningún concepto aceptable.

El artículo 8º. del Código de Enjuiciamiento Criminal terminantemente expresa que "la jurisdicción correspondiente á los delitos, radica en la corte de distrito del respectivo distrito judicial dentro del cual se cometieren".

Es regla general que en materias. criminales no puede prorrogarse la jurisdicción de una corte incompetente y por eso nuestro Código de Enjuiciamiento Criminal no reconoce ni autoriza la sumisión de las partes á determinada corte de jurisdicción y el fundamento es seguramente; el que en lo criminal la jurisdicción se ha establecido, no solo atendiendo al interés de los ofensores y de los ofendidos, sino también al de la sociedad.

Por eso vemos que aún en los casos en que antes del juicio puede trasladarse una causa de una corte á otra, predomina siempre la conciliación entre el interés privado del presunto reo y el interés público de la sociedad.

En materia civil las partes contendientes son las únicas interesadas y pueden, sin inconveniente alguno, pactar esa sumisión y contra ese pacto lícito, autorizado y que á nadie perjudica, nadie puede mostrarse querelloso, pero en materia criminal los intereses atendibles son distintos, y no puede aplicarse en ella el principio de la sumisión.

La representación del acusado, después del veredicto, solicitó que no se dictase sentencia condenatoria por las siguientes razones:

"1. Porque el jurado dió un veredicto ilegal, toda vez que no declara al acusado "culpable" como exige el art. ·283 del Código de Enjuiciamiento Criminal.

"2. Porque el veredicto del jurado dice que el acusado es cómplice de homicidio voluntario, y el acusado fué objeto exclusivamente de una acusación por asesinato en primer grado.

"3. Porque la complicidad envuelve una acusación especial y directa, después que se ha juzgado al autor principal, para conocer entonces la relación de complicidad respecto al delito principal.

"4. Porque al dar ese veredicto el jurado, se deduce claramente que su intención fué favorable al acusado respecto del punto que se ventila ó sea que no es autor de un asesinato en primer grado y en tal caso procede la absolución. Art. 289 del Código ya citado.

"5. Porque el jurado rechazó las pruebas de la acusación tendentes á demostrar que el acusado era autor de un asesinato en primer grado, y esas mismas pruebas no pueden servir para declararlo cómplice mucho más cuando no se probó por la acusación la relación de esa complicidad con el delito principal.

"6. Porque esta corte de distrito es incompetente para conocer de este juicio en donde se ha dictado el veredicto que nos ocupa, por las razones expuestas en una moción acerca de ese particular."

La corte resolvió lo siguiente:

"En cuanto al primer fundamento la corte es de parecer que el veredicto que se dió por el jurado es bueno en substancia; y así lo corrobora la jurisprudencia del Tribunal Supremo de California en el caso del *Pueblo* v. *Perdue*, 49 Cal., 425, en el que el veredicto dice: 'Nosotros, el jurado, encontramos un veredicto de homicidio'; y en el caso del *Pueblo* v. *Mc Carty*, 48 Cal., 557, en el que se dictó el siguiente veredicto: 'Nosotros los jurados firmantes encontramos un veredicto

de asesinato en segundo grado.' Ambos veredictos que fueron declarados buenos son menos claros é inteligibles que el dado en el presente caso por el jurado en la causa contra Antonio Paz. El segundo fundamento es de rechazarse, porque el acusado puede ser convicto de una ofensa menor incluída en una mayor. El tercer fundamento tampoco es suficiente con arreglo al artículo 93 del Código de Enjuiciamiento Criminal. El cuarto fundamento tampoco es admisible por las razones consignadas al impugnar el segundo; y ambas se hallan robustecidas por la sentencia dictada en el caso de *El Pueblo de Puerto Rico* contra *José de Thomas,* en el que habiendo sido acusado de asesinato en primer grado, fué declarado convicto de cómplice de homicidio. El quinto fundamento, porque la apreciación de la prueba queda únicamente á discreción del jurado. Y el sexto fundamento, porque antes de ahora, en moción del acusado, para que la causa fuera devuelta al Tribunal de Distrito de Mayagüez, ha resuelto esta corte que no procede tal petición, y que se declara competente; y los fundamentos de aquella decisión se reproducen para este caso. Por estas razones la corte desestima la petición del acusado de que no se dicte sentencia.''

De esta resolución se tomó excepción.

Después la misma representación formuló una moción para nuevo juicio que dice así:

''El acusado, Antonio Paz, pide á la corte de distrito que le conceda un nuevo juicio, porque la corte informó erróneamente al jurado acerca del punto de derecho de que dicho jurado, á pesar de que la ácusación era por asesinato en primer grado, podía declarar al acusado cómplice de asesinato ó de homicidio, y si entendía el jurado que las pruebas eran suficientes para esa declaración de culpabilidad y no para declararlo autor principal; y porque el veredicto es contrario á derecho, según la razón anteriormente expuesta y no guardar relación la declaratoria de complicidad, que debió ser objeto de una acusación especial directa, con la declaración de la clase de delito que hubo de cometer el autor principal; y porque también el veredicto es contrario á las pruebas, las cuales versaron sobre el concepto de ser el acusado áutor, y sin embargo, se utilizan para considerarle cómplice, siendo insuficientes para la complicidad como lo fueron para rechazar la acusación de autor principal. Estos casos invocados son los señalados con los números 5 y 6 del artículo 303 del Código de Enjuiciamiento Criminal que concede el nuevo juicio en tales casos.''

La corte también negó esta solicitud y se tomó la correspondiente excepción.

No puede decirse que el veredicto sea nulo, porque no contenga la palabra expresa de "culpable". La omisión de esa palabra no es un defecto fundamental que perjudique los derechos sustanciales del acusado, cuando el veredicto está redactado en términos tan claros que no dejan lugar á duda alguna y cuyas palabras traducen perfectamente la intención del jurado. Así sucede en el presente caso.

Lo que el artículo 289 del Código de Enjuiciamiento Criminal prohibe es dictar un fallo condenatorio sin que el jurado expresamente declare convicto al reo del delito imputádole, y esa convicción está perfectamente definida y expresa al decir: "declaramos al acusado Antonio Paz cómplice en el delito de homicidio voluntario".

Descartamos lo que en la primer moción se refiere á la competencia de la corte de Arecibo, porque ya esta cuestión la hemos estudiado y resuelto en el sentido de que dicha corte es la competente para conocer de este juicio.

Ahora hay que estudiar si con la acusación que al principio se copió, ha podido darse un veredicto de "complicidad" ó en otros términos, si con una acusación contra uno como autor de un delito, puede venir una convicción contra él por complicidad en el mismo delito, si el juez cometió error al instruír al jurado en el sentido de que podía llegar á esa conclusión si le parecía que las pruebas así lo demostraban, y por último, si el veredicto dado en esta causa contra Antonio Paz, y en tales circunstancias, es contrario al derecho ó á las pruebas que son los fundamentos en que descansa la moción presentada y denegada para un nuevo juicio y aun la que se refiere á la moción para que no se dictase sentencia.

Cuando en el Código de California existía la distinción de cómplice antes del hecho, se reconocía que el autor y el cómplice son culpables por el mismo delito; pero también se determinó que las reglas de alegación requerían que el cómplice fuese acusado como tal y no como principal y también

se precisó que, aun cuando un cómplice anterior al hecho, bajo la Ley del Estado de California, puede ser juzgado, convicto y castigado como autor, sin embargo, debe especificar la acusación que él ayudó al crimen, y debe establecer de qué manera particular realizó su ayuda.

En ese sentido se pronuncian las resoluciones siguientes:

*The People* v. *Valencia,* 43 Cal., 555.

*The People* v. *Cambell,* 40 Cal., 141.

*The People* v. *Frim,* 39 Cal., 75.

Pero el artículo 31 del Código de California que está sustancialmente conforme con el 36 del nuestro, comprende dentro del concepto de autor ó principal lo mismo al que ejecuta directamente por sí el delito que al que, no estando presente en el acto de su ejecución, ayuda ó concita para que se realice y por eso la jurisprudencia que de ese artículo arranca y del 971 que equivale al 93 de nuestro Código Penal, se determina en el sentido de que en la acusación contra los que han tenido participación en un delito grave (*felony*) ya cometiéndolo directamente ó ya ayudando á llevar á término la comisión del mismo, no se necesita la exposición de hecho alguno fuera de los necesarios en la acusación contra el autor principal.

*The People* v. *Roselle,* 78 Cal., 84.

*The People* v. *Nolan,* 144 Cal., 75, 79.

Esta doctrina la considero consecuente con las disposiciones del Código Penal á que se refiere.

Pero el artículo 37 de nuestro Código Penal dice:

"Todas las personas que sabiendo que se ha cometido un crimen (*felony*), lo ocultaren de las autoridades respectivas, ó albergaren y protegieren á la persona acusada ó convicta de su comisión, son cómplices de dicho crimen."

Como se ve, nosotros tenemos también la distinción de cómplices, después del hecho y los actos de ejecución necesarios que constituyen la complicidad, además de ser posteriores á la comisión de un delito, son absolutamente distintos á los actos de ejecución que realiza el autor ó principal. Este

comete por sí mismo el delito ó aconseja ó incita á su comisión, (artículo 36 de nuestro Código Penal) el cómplice oculta el crimen, alberga ó protege al culpable, todo con conocimiento, es verdad, de que el crimen se ha cometido, (artículo 37) ya citado.

Así es que cuando un hombre es acusado de que ejecutó materialmente el crimen ó de que ayudó ó incitó á su comisión, puede ir perfectamente preparado con su defensa y prueba para destruír los elementos de esa acusación, pero es imposible de que lo esté para descargarse de lo que absolutamente puede ignorar, si no se expresa, ó sea que con posterioridad al crimen y sabiendo que se había cometido, lo ocultó, ó albergó ó protegió al culpable: Son tan distintos en el tiempo y en su naturaleza los hechos que determinan á uno ú otro partícipe que no pueden deducirse de los del autor, los del cómplice.

Y no se diga que el artículo 93 del Código de Enjuiciamiento Criminal resuelve estas dificultades porque esa disposición solo quiere á mi juicio decir, que una acusación, precisando los hechos que determinan al autor material del crimen, es bastante para que esa misma persona pueda ser convicta por la razón de haber aconsejado ó incitado á la comisión del mismo. Y esto es así porque en uno y otro caso tiene el partícipe el concepto legal de autor ó principal y ya sabe á qué atenerse en su defensa.

Yo creo que las acusaciones deben ser nobles y francas y por eso sin duda alguna es que el artículo 82 del Código de Enjuiciamiento Criminal dice que para considerar como suficiente una acusación, es necesario que "la acción ú omisión considerada como delito esté expresada clara y distintamente en lenguaje corriente y conciso sin repetición y de tal modo que facilite á cualquier persona de inteligencia común, conocer lo que se quiere decir".

Por esta y por otras reglas de alegación es indudable que es buena la doctrina sentada en las tres primeras resoluciones citadas del Tribunal Supremo del Estado de California; y en

el presente caso, por tanto, debió especificar la acusación que Paz, con conocimiento de la comisión del crimen, lo ocultó de las autoridades, por qué medios y si albergó ó protegió al acusado como autor material, especificar también de qué manera particular realizó los actos de ocultación ó protección.

Es verdad que, según el artículo 286 del Código de Enjuiciamiento Criminal, el jurado puede declarar al acusado culpable de cualquier delito, necesariamente comprendido en el delito imputádole, ó de tentativa ó lo que es lo mismo, que la ofensa menor está comprendida en la ofensa mayor.

Mas aquí no se trata de un delito de sangre de menor gravedad que esté comprendido necesariamente en el mayor de asesinato en primer grado, que es al que se refiere la acusación, sino que se trata de los distintos elementos de ejecución que caracterizan á un partícipe en un crimen, según sea autor ó cómplice, porque, como estableció el Tribunal Supremo de California en el caso *Del Pueblo* contra *Valencia,* 43 Cal., 555 ya citado, el autor y el cómplice son culpables por el mismo delito, pero las reglas de alegación requieren que el cómplice sea acusado como tal y no como principal ó autor, con cuya doctrina estoy perfectamente conforme.

Y ahora estudiando en este punto la obra *Wilson's Texas Criminal Statutes,* página 47, nos encontramos con una definición del cómplice que sustancialmente está conforme con la del artículo 37 de nuestro Código Penal, excepción hecha del párrafo final de aquél que en éste no existe.

"Artículo 86. Un cómplice es aquél que sabiendo que se ha perpetrado un crimen, oculta al delincuente, ó le proporciona cualquier otra ayuda, á fin de que pueda evadir el arresto ó el juicio ó que sea ejecutada la sentencia. Pero ninguna persona que ayuda á un delincuente para hacer ó preparar su defensa ante los tribunales ó trata de que adquiera su libertad, mediante fianza, aunque después se fugue, será considerada como cómplice."

Así define el Código de Texas á esta clase de partícipes en los crímenes.

Pues bien; interpretando esa disposición se ha pronunciado la jurisprudencia del Tribunal Supremo de dicho Estado en el sentido de que

"Una persona acusada como autor, no puede ser convicta como un cómplice y que en un juicio, bajo tal acusación (de autor) se comete error al instruír al jurado sobre complicidad."

*McKeen* v. *State,* 7 Tex. Ap., 633.

*Fruitt* v. *State,* 8 Tex. Ap., 152.

*Simms* v. *State,* 10 Tex. Ap., 159.

*Bean* v. *State,* 17 Tex. Ap., 70.

*Golden* v. *State,* 18 Tex. Ap., 639, 640.

*Phillips* v. *State,* 26 Tex. Ap., 247, 248, 8 Am. St. Rep., 471, 9 S. W., 557.

*Dawson* v. *State,* 38 Tex. Cr., 56, 31, S. W., 599.

*Rix* v. *State,* 33 Tex. Cr., 358, 359, 26 S. W., 505.

Siendo esto así y dándole á esa sana doctrina la consideración debida siquiera sea porque procede de una autoridad respetable y por el principio de que donde hay la misma razón debe haber la misma interpretación, se llega lógicamente á la conclusión de que Antonio Paz Santos, acusado como autor, no pudo ser convicto como cómplice y también hay que concluír afirmando que el Juez de la Corte de Arecibo, cometió error al instruír al jurado diciéndole:

"De modo que vosotros examinaréis esa prueba toda y veréis si efectivamente dentro de ella está ó nó justificado bien el haber aconsejado ó incitado un delito á Yare-Yare ó sabiendo que éste lo había realizado, si Antonio Paz lo ocultó, albergó ó protegió de las autoridades, ó si no hay pruebas de nada de esto."

Y más adelante dice:

"De modo que podéis dar un veredicto como autor ó principal de asesinato en primer grado ó segundo, ó de homicidio voluntario ó involuntario, ó también de *cómplice,* ó *accesorio;* de cualquiera de ellos."

La defensa de Antonio Paz solicitó por escrito que se comunicasen ciertas instrucciones al jurado, encaminadas al-

gunas á hacerle comprender que era injusto dar un veredicto de cómplice cuando había sido acusado como autor, pero, el juez denegó esas instrucciones, consignando al dorso la negativa, según así todo consta en el Pliego de Excepciones debidamente aprobado. De modo que quedó subsistente el error que seguramente influyó en la inteligencia del jurado y decidió su voluntad á dar un veredicto de complicidad.

En síntesis la acusación que tenemos á la vista es insuficiente para Antonio Paz como cómplice, porque adolece de omisiones de forma que tendieron en lo esencial á perjudicar sus derechos. (Artículo 82 del Código de Enjuiciamiento Criminal.)

El juez informó erróneamente al jurado acerca de un punto de derecho y el veredicto también le es contrario y en estos casos que son los números 5 y 6 del artículo 303 del Código de Enjuiciamiento Criminal, es conveniente anular el veredicto y la sentencia apelada y ordenar la celebración de un nuevo juicio ó que se dicte cualquiera otra resolución procedente en ley, declarándose las costas de oficio; y como las demás excepciones tomadas tienden sustancialmente á esa misma finalidad no hay necesidad de considerarlas.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández y MacLeary.

OPINIÓN CONCURRENTE DEL JUEZ SEÑOR MACLEARY.

En el presente caso estoy de acuerdo con aquella parte del dictamen del juez ponente que declara que la Corte de Distrito de Arecibo tenía competencia para conocer del asunto. También estoy de acuerdo con él al sostener el criterio que el veredicto del jurado cumple sustancialmente con la ley, y que es suficiente, según las resoluciones de California. Si no fuera por la autoridad de dichas resoluciones es posible que yo sería de otro parecer. Es ciertamente una práctica

mejor, que el jurado haga uso de la palabra culpable ó no culpable en su veredicto. Sostengo además que la acusación en el presente caso es suficiente. Dicha acusación consigna que Antonio Paz y Santos y otros son autores del delito come-tido, puesto que aconsejaron é incitaron maliciosa y premedi-tamente á dicho José Morales para que cometiera el asesinato anteriormente citado, en la forma arriba mencionada. Esto es suficiente para acusarlos como cómplices ó accesorios antes del hecho, pero no es suficiente para acusarlos como accesorios, después del hecho. Considerando la acusación bajo este punto de vista, la corte incurrió en error en aquella parte de las ins-trucciones que dice:

"De modo que vosotros examinaréis esa prueba toda y veréis si efectivamente dentro de ella está ó nó justificado bien el haber acon-sejado ó incitado un delito á Yare-Yare ó sabiendo que éste lo había realizado, si Antonio Paz lo ocultó, albergó ó protegió de las autori-dades,. ó si no hay pruebas de nada de esto.

"De modo que podéis dar veredicto como autor ó principal de asesinato en primer grado ó segundo, ó de homicidio voluntario, ó involuntario, ó también de cómplice ó accesorio; de cualquiera de ellos."

Según esta instrucción, el demandado pudo haber sido de-clarado culpable de la comisión del delito si ocultó,. albergó ó protegió á Yare Yare de las autoridades. Puede ser que el jurado tuvo la intención de declarar culpable al demandado de ser accesorio después del hecho. Si es así este veredicto no fué basado en una alegación debidamente formulada en la acusación.

Por consiguiente, puesto que la corte no se limitó á las alegaciones contenidas en la acusación, al dar sus instruc-ciones al jurado, creo que debemos revocar la sentencia y de-volver el caso á la Corte de Distrito de Arecibo para que se celebre nuevo juicio.

Con estas aclaraciones estoy dispuesto á firmar la sen-tencia de esta corte, que está substancialmente de acuerdo con el criterio que en la presente se expresa.